Anne M. Bevington (SBN 111320)
Tino X. Do (SBN 221346)
Allan D. Shuldiner (SBN 252259)
SALTZMAN & JOHNSON LAW CORPORATION
1141 Harbor Bay Parkway, Suite 100
Alameda, CA 94502
Telephone: (510) 906-4710
Email: abevington@sjlawcorp.com
Email: tdo@sjlawcorp.com
Email: ashuldiner@sjlawcorp.com

Attorneys for Plaintiffs Pension Plan for
Pension Trust Fund for Operating Engineers, et al.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENSION PLAN FOR PENSION TRUST FUND FOR OPERATING ENGINEERS; JAMES E. MURRAY and DAN REDING, as Trustees,<br><br>            Plaintiffs,<br><br>vs.<br><br>RANSTROM MINING AND CONSTRUCTION, INC., dba RAMCO, a Nevada corporation; and DOES 1-10,<br><br>            Defendants. | Case No.<br><br>**COMPLAINT** |

## INTRODUCTION

This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C §§1001-1461 (1982).  In order to protect plan participants and the Federal Pension Benefit Guaranty Corporation, effective September 26, 1980, Congress created withdrawal liability for employers that withdraw from multiemployer pension plans. Due to the importance Congress attributed to those goals, it included two special provisions not generally available to creditors to ensure that withdrawal liability could actually be collected.

Under ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1), all trades or business under common

1

COMPLAINT
CASE NO.

control are to be treated as a single employer. Thus, members of the withdrawn employer's controlled group are jointly and severally liable for the withdrawal liability. *Bd. of Trs. of W. Conf. Pension Trust Fund* v. *LaFrenz,* 837 F.2d 892, 894 (9th Cir. 1988); *Bd. of Trs. of W. Conf. Pension Trust Fund* v. *H.F. Johnson, Inc.*, 830 F.2d 1009, 1013 (9th Cir. 1987).

ERISA also contains a mandatory arbitration provision if an employer wishes to challenge the withdrawal liability determination. To make such a challenge, an employer must request review within ninety (90) days from receiving the notice of the withdrawal liability assessment pursuant to ERISA § 4219(b)(2), 29 U.S.C. § 1399(b)(2), and any dispute concerning the Plan's determination of withdrawal liability must be resolved through arbitration timely initiated under ERISA § 4221(a), 29 U.S.C. § 1401(a).

ERISA § 4219(a), 29 U.S.C. § 1399(a), requires an employer to provide the Plan with all information the Plan reasonably determines to be necessary to enable the plan sponsor to comply with the requirements of Title IV of ERISA, including the determination and collection of withdrawal liability.

Defendant Ranstrom Mining and Construction, Inc. dba Ramco ("RAMCO"), a Nevada corporation, is a participating employer in the Pension Plan for Pension Trust Fund for Operating Engineers ("Plan"). On December 31, 2014, December 31, 2015, and December 31, 2016, RAMCO incurred partial withdrawals from participation in the Plan which thereby triggered the Plan to assess withdrawal liability against RAMCO and all members of its controlled group for the sum of $589,273.00 under ERISA §4205(a)(1) and (b)(1), 29 U.S.C. §1385(a)(1) and (b)(1). By letter dated November 8, 2017 ("Initial Assessment"), Plaintiffs notified RAMCO and all members of its controlled group of the assessed withdrawal liability. On January 31, 2018, Plaintiffs notified RAMCO and all members of RAMCO's controlled group in writing that RAMCO and its controlled group would be in default if they failed to make their delinquent installment payments within 60 days pursuant to ERISA §4219(c)(5), 29 U.S.C. §1399(c)(5). On April 12, 2018, Plaintiffs notified RAMCO and all members of RAMCO's controlled group in writing that

RAMCO and its controlled group were in default as they had failed to make any payments to cure the delinquent installment payments pursuant to ERISA §4219(c)(5)(b), 29 U.S.C. §1399(c)(5)(b).

On October 31, 2018, the Plan assessed additional partial withdrawal liability in the amount of $37,287.00 as a result of RAMCO's partial withdrawal from the Plan as of December 31, 2017, and complete withdrawal liability in the amount of $53,477.00 as a result of RAMCO's complete withdrawal from the Plan as of April 25, 2018 ("Further Assessment")[1]. Plaintiffs also seek injunctive relief against RAMCO to provide sufficient information relating to all members of RAMCO's controlled group under ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1), and all transactions to evade its withdrawal liability under ERISA §4212, 29 U.S.C. §1392.

As of the filing of this Complaint, RAMCO is in default on the outstanding withdrawal liability stated in the Initial Assessment and Further Assessment. Plaintiffs therefore seek a money judgment against RAMCO and each member of RAMCO's controlled group for an award of the entire assessed withdrawal liability less any credits for recoveries received prior to judgment, plus interest, liquidated damages, attorneys' fees and costs.

**PARTIES**

1. The Plan is an employee benefit plan as defined in ERISA §3(3), 29 U.S.C. §1002(3), an "employee benefit pension plan" as defined in of ERISA §3(2), 29 §U.S.C. 1002(2); and a "multiemployer plan" as defined in ERISA §§ 3(37) and 4001(a)(3), 29 U.S.C. §§1002(37) and 1301(a)(3). The Plan is jointly administered and is maintained pursuant to the Labor Management Relations Act §302(c), 29 U.S.C. §186(c).

2. Plaintiffs James E. Murray and Dan Reding are members of the Board of Trustees of Plan, the "plan sponsor" within the meaning of ERISA §§3(16)(B)(iii) and 4001(a)(10)(A), 29 U.S.C. §§1002(16)(B)(iii) and 1301(a)(10)(A). They are therefore, fiduciaries of the Plan under

---

[1] The Further Assessment also informed RAMCO that its total partial withdrawal liability for 2014 through 2016 had decreased to $586,389 from $589,273 due to the Plan discovering additional hours from an audit of RAMCO's records. The Plan explained that these hours had the effect of reducing the partial withdrawal liability calculation.

1  ERISA §§3(21)(A) and 402(a), 29 U.S.C. §1002(a).  As Trustees of the Plan, they are empowered
2  to bring this action on behalf of the Plan pursuant to ERISA §4301(a)(1) - (b) and §502(a)(3), 29
3  U.S.C. §§1132(a)(3) and 1451(a)(1) - (b).

4      3. Defendant Ranstrom Mining and Construction, Inc. dba Ramco ("Ramco") is a
5  Nevada corporation with a business address of 1775 W. State Street #339, Boise, Idaho 83702.
6  Defendant RAMCO is an employer within the meaning of ERISA §3(5), 29 U.S.C. §1002(5) and
7  National Labor Relations Act ("NLRA") §2(2), 29 U.S.C. §152(2), and is engaged in an industry
8  affecting commerce within the meaning of ERISA §§3(11) and (12), 29 U.S.C. §§1002(11) and
9  (12).

10      4. Defendants DOES 1 through 10 are entities and/or other persons that are within the
11  same controlled group as RAMCO under ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1). RAMCO has
12  failed to provide sufficient information regarding the identities of entities and persons within the
13  same controlled group as RAMCO as requested by Plaintiffs in accordance with ERISA §4219(a),
14  29 U.S.C. §1399(a). Thus, Plaintiffs presently do not know the identities of such entities or persons.
15  Plaintiffs are using fictitious names for the Defendants because Plaintiffs are unable to ascertain
16  their true identity at this time.  Pursuant to Fed. R. Civ. Proc. 15(a), Plaintiffs will amend the
17  Complaint to add the true name of the additional defendants once their identities are discovered.

## JURISDICTION

19      5. Jurisdiction is conferred upon this Court over the claims asserted by the Plaintiffs by
20  virtue of ERISA §§4301(c) and 502(e)(1) and (f) of ERISA, 29 U.S.C. §§1451(c) and 1132(e)(1)
21  and (f).  Plaintiffs seek to enforce the provisions of ERISA and the terms of the Plan, redress
22  Defendants' violations of ERISA, and all other appropriate legal or equitable relief under ERISA.

## VENUE

24      6. Venue is conferred upon this Court by ERISA §§4301(c) and 502(e)(1), 29 U.S.C.
25  §§1451(d) and 1132(e)(2).  Where an action is brought under ERISA §§4301 and 502, 29 U.S.C.
26  §§1451 and 1132 in a district court of the United States, it may be brought at Plaintiffs' discretion,
27  in the district where the Plan is administered, where the breach took place, or where a defendant

4

COMPLAINT
CASE NO.

resides or may be found.  Process may be served nationwide in any district where a defendant resides or may be found.  The Plan, on whose behalf the Trustees brings this action, is administered in this district at its principal place of business in Alameda, California.  Thus, jurisdiction and venue are properly grounded with this Court.

**INTRADISTRICT ASSIGNMENT**

7.  Assignment to the San Francisco/Oakland Division is appropriate pursuant to Civil Local Rule 3-2(d) because a substantial part of the events and omissions giving rise to the Plaintiffs' claims occurred in Alameda County, California where the Plan is administered.

**FACTUAL ALLEGATIONS**

8.  RAMCO is a participating employer in the Plan pursuant to collective bargaining agreements ("Bargaining Agreement") with the Operating Engineers Local Union No. 3 ("Union.") The Union is a labor organization as defined in of the NLRA §2(5), 29 U.S.C. §152(5) that represents employees in an industry affecting interstate commerce.  RAMCO is obligated to and did make contributions to the Plan on behalf of their employees that were covered under that Bargaining Agreement.

9.  On December 31, 2014, December 31, 2015, December 31, 2016, and December 31, 2017, RAMCO made partial withdrawals under ERISA §4205(a)(1) and (b)(1), 29 U.S.C. §1385(a)(1) and (b)(1), from participation in the Plan.  On or about April 25, 2018, RAMCO made a complete withdrawal under ERISA §4203(a), 29 U.S.C. §1383(a) from participation in the Plan.

10.  By written notices dated November 8, 2017 ("Initial Assessment") and October 31, 2018 ("Further Assessment"), Plaintiffs notified RAMCO and all members of RAMCO's controlled group and Defendants DOES 1 through 10 (collectively "Defendants"), of the partial and complete withdrawal liability assessed pursuant to ERISA §§4201-4205, 29 U.S.C. §§1381, et seq. Specifically, the Plan notified Defendants of the following in its Initial Assessment and Further Assessments, which are attached hereto as Exhibit 1 and 2, and incorporated herein by this reference:

(a)  The Plan had a fiscal year running from January 1 through December 31 and

1 therefore, although the partial withdrawals occurred on December 31, 2014, December 31, 2015, and on December 2016, the withdrawal liability is calculated as of December 31, 2011, December 31, 2012, December 31, 2013 and as of December 31, 2014, respectively, as required by ERISA §4206(a)(1)(B), 29 U.S.C. §1386(a)(1)(B). Similarly, RAMCO's complete withdrawal in 2018 is calculated as of December 31, 2017 as required by ERISA § 4211(b)(2)(A), 29 U.S.C. §13391(b)(2)(A).

      (b)    The partial withdrawal liability of RAMCO for 2014 through 2016 in the amount of $589,273.00 could have been paid in a lump sum on or before December 1, 2017, or in quarterly installments as follows:

| | |
|---|---|
| $19,187.69 | December 1, 2017 |
| $19,187.69 | March 1, 2018 |
| $19,187.69 | June 1, 2018 |
| $19,187.69 | September 1, 2018 |
| $19,187.69 | Each successive quarter through December 1, 2027 |
| $15,109.69 | March 1, 20128 |

      (c)    The partial withdrawal liability of RAMCO for 2017 in the amount of $37,287.00 could have been paid in a lump sum on or before December 1, 2018, or in quarterly installments as follows:

| | |
|---|---|
| $18,978.34 | December 1, 2018 |
| $18,308.66 | March 1, 2019 |

      (d)    The complete withdrawal liability of RAMCO for 2018 in the amount of $53,477.00 could have been paid in a lump sum on or before December 1, 2018, or in quarterly installments as follows:

| | |
|---|---|
| $14,344.22 | December 1, 2018 |
| $14,344.22 | March 1, 2019 |
| $14,344.22 | June 1, 2019 |
| $10,444.58 | September 1, 2019 |

      (e)    RAMCO had the option of challenging the calculation of the withdrawal liability by requesting review within ninety (90) days from receiving the initial or further notice of the withdrawal liability assessment as provided by ERISA §4219(b)(2), 29 U.S.C. §1399(b)(2).

(f) Any dispute concerning a determination of withdrawal liability must be resolved through arbitration provided that the employer requested review and arbitration was timely initiated under ERISA §4221(a), 29 U.S.C. §1401(a).

(g) Information and documents regarding all trades and businesses under common control with RAMCO were required to be provided within thirty (30) days pursuant to ERISA §4219(a), 29 U.S.C. §1399(a).

11. In order to initiate arbitration under ERISA §4221(a)(1), 29 U.S.C. §1401(a), an employer must first request review of the assessed withdrawal liability. Section XIV of the Plan's Withdrawal Liability Procedures mirrors ERISA §4219(b)(2)(A), 29 U.S.C. §1399(b)(2)(A), which requires an employer's request for review to be in writing. Defendants failed to request review, and therefore are precluded from initiating arbitration, and the time to do so has expired.

12. Defendants failed to make any of the required quarterly installment payments, or provide sufficient information regarding controlled group members.

13. On January 31, 2018, Plaintiffs notified Defendants in writing that RAMCO and its controlled group would be in default if they failed to make their delinquent installment payments within 60 days pursuant to ERISA §4219(c)(5), 29 U.S.C. §1399(c)(5).

14. On April 12, 2018, Plaintiffs notified Defendants in writing that, pursuant to Section XII of the Plan's Withdrawal Liability Procedures (attached as Exhibit C to the Notice of Assessment), ERISA §4219(c)(5)(b), 29 U.S.C. §1399(c)(5)(b) and PBGC §4219.31(b)(2), that Defendants' unpaid withdrawal liability was accelerated and the entire unpaid withdrawal liability was immediately due because RAMCO's failure to make any payments of the withdrawal liability was deemed to be a default. As of the filing of this Complaint, Defendants have not made any of the required withdrawal liability payments and thus are in default under ERISA §4219(c)(5), 29 U.S.C. §1399(c)(5).

**FIRST CAUSE OF ACTION**
**Against Defendants for Violation of ERISA §4219, 29 U.S.C. §1381:**
**Request for Payment of Withdrawal Liability, Interest,**
**Liquidated Damages, Attorneys' Fees and Costs**

15. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 14, above.

16. On December 31, 2014, December 31, 2015, December 2016 and on December 31, 2017, RAMCO made "partial withdrawals" from the Plan as that term is defined in ERISA §4205(a)(1) and (b)(1), 29 U.S.C. §1385(a)(1) and (b)(1).

17. On November 8, 2017, Plaintiffs initially assessed withdrawal liability against RAMCO, and all members of RAMCO's controlled group, for RAMCO's partial withdrawals for 2014 through 2016.

18. On October 31, 2018, Plaintiffs further assessed withdrawal liability against RAMCO, and all members of RAMCO's controlled group, for RAMCO's partial withdrawal in 2017, and its complete withdrawal in 2018.

19. To date, the delinquent quarterly installment payments have not been received by the Plan from Defendants. In addition, Defendants failed to make their delinquent installment payments after written notice from the Plan and therefore are in default under ERISA §4219(c)(5), 29 U.S.C. §1399(c)(5), so that the entire amount of the unpaid withdrawal liability is due.

20. Accordingly, Plaintiffs seek judgment against Defendants for the entire amount of the unpaid withdrawal liability of $677,153.00 less any credits for recoveries received before the time of judgment, plus accrued interest at the rate of 10% simple interest per year from the due date of the first delinquent payment pursuant to ERISA §§4219(c)(5) and 502(g)(2), 29 U.S.C. §§1399(c)(5) and 1132(g)(2).

21. ERISA §4301(b), 29 U.S.C. §1451(b) provides that an action involving an employer's failure to timely make withdrawal liability payments shall be treated in the same manner as a delinquent contribution within the meaning of ERISA §515, 29 U.S.C. §1145. Thus, Defendants are also liable for an amount equal to the greater of interest or liquidated damages of 20% of the unpaid withdrawal liability and costs, including reasonable attorneys' fees, pursuant to ERISA §§4301(b) and 502(g)(2), 29 U.S.C. §§1301(b) and 1132(g)(2).

22. Plaintiffs, therefore, seek a money judgment against Defendants for an award of the

8

COMPLAINT
CASE NO.

entire balance of the unpaid withdrawal liability less any credits for recoveries received before the time of judgment, plus 10% interest, an amount equal to the greater of interest or 20% of liquidated damages and costs, including attorneys' fees.

/ / /

### SECOND CAUSE OF ACTION
### Against Defendants for Violation of ERISA §4219(a), 29 U.S.C. §1399(a): Failure to Provide Required Information under ERISA

23. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 22, above.

24. In violation of ERISA §4219(a), 29 U.S.C. §1399(a), Defendants have failed to provide the Plan with all necessary information requested by the Plan relating to any member within RAMCO's controlled group under ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1) and any transactions to evade its withdrawal liability under ERISA §4212, 29 U.S.C. §1392.

25. The failure of Defendants to make the quarterly withdrawal liability payments and provide information regarding controlled group members in accordance with ERISA §4219(c)(2), 29 U.S.C. §1399(c)(2) has caused the Plan to sustain loss of investment income and incur administrative and legal expenses.

26. Defendants' failure to comply with the law has caused the Plan to suffer immediate, continuing, and irreparable injury, and Plaintiffs are without an adequate remedy at law.

27. Due to Defendants' failure to provide sufficient information, Plaintiffs are required to name its unknown controlled group members as fictitious defendants until their true identities can be discovered.

28. Thus, injunctive relief as prayed for below is proper.

### PRAYER

WHEREFORE, Plaintiffs pray for the following relief:

1. For a judgment providing that RAMCO as well as all other members of RAMCO's controlled group are jointly and severally liable to immediately pay to Plaintiffs the following sums:

   (i) The unpaid withdrawal liability of $677,153.00, less any credits for

recoveries received before the time of judgment;

  (ii) 10% interest pursuant to ERISA §§4219(c)(5)-(6) and 502(g)(2), 29 U.S.C. §§1399(c)(5) and (6) and 1132(g)(2);

  (iii) Pursuant to ERISA §§4301(b) and 502(g)(2), 29 U.S.C. §§1451(b) and 1132(g)(2), liquidated damages equal to the greater of:

    (a) The accrued interest on the unpaid withdrawal liability at the time of judgment, or

    (b) An amount equal to twenty percent (20%) of the amount of unpaid withdrawal liability; and

  (iv) Attorneys' fees and costs incurred by Plaintiffs in connection with this action as permitted by ERISA §§4301(e) and 502(g), 29 U.S.C. §§1451(e) and 1132(g).

 2. For injunctive relief ordering RAMCO to provide all of the documentation and information requested by the Plan, including but not limited to information regarding all trades or businesses which are within RAMCO's controlled group as defined in ERISA §4001(b)(1), 29 U.S.C. §1301(b), and any transactions to evade its withdrawal liability under ERISA §4212, 29 U.S.C. §1392.

 3. Such other relief as this Court deems appropriate pursuant to ERISA §502(g)(2)(E), 29 U.S.C. §1132(g)(2)(E).

Dated: July 3, 2019        SALTZMAN & JOHNSON
               LAW CORPORATION

              By: /S/ Tino X. Do
                Tino X. Do
                Attorneys for Plaintiffs, Pension Plan for
                Pension Trust Fund for Operating Engineers, et al.

10

COMPLAINT
CASE NO.